**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2808-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FREDERICK HEDGESPETH,

     Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided May 20, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-12-3763.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Peter T. Blum, Assistant Deputy Public Defender, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sarah D. Brigham, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Frederick Hedgespeth of murder, felony murder, robbery, and weapons offenses for the shooting death of Shawn McKay on October 24, 1995, in Orange, and possession of a weapon by a convicted felon. During the encounter, defendant demanded $20.00 and McKay's car keys. McKay gave defendant the money but refused to turn over his keys. Defendant fatally shot McKay in the chest.

Twenty years old at the time of the murder, defendant was sentenced to an aggregate prison term of life plus twenty years, with a forty-one-year parole disqualifier. On direct appeal, we affirmed defendant's convictions and sentence in an unpublished opinion. State v. Hedgespeth, No. A-1670-96 (App. Div. Nov. 12, 1998) (slip op. at 11). We also affirmed the denial of defendant's ensuing post-conviction relief petition, asserting ineffective assistance of trial counsel. State v. Hedgespeth, No. A-0789-07 (App. Div. July 2, 2010) (slip op. at 14).

In December 2020, the judgment of conviction was amended on defendant's pro se motion solely to reduce the Victims of Crime Compensation Board assessment.

In February 2023, defendant filed another pro se application, styled as a motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5) (recognizing the absence of a temporal limit on the court's ability to review an

illegal sentence).  Defendant claimed his sentence was illegal because the trial court failed to adhere to the Supreme Court's guidelines for consecutive sentences under State v. Yarbough, 100 N.J. 627 (1985), and State v. Torres, 246 N.J. 246 (2021).  Defendant also argued, as a youthful offender, he was entitled to resentencing under the twenty-year "lookback" provision for juvenile offenders pursuant to State v. Comer, 249 N.J. 359 (2022).  In his moving papers, defendant sought appointment of counsel to expound upon the issues raised.

On April 5, 2023, the judge, who had no prior involvement in defendant's matters, issued an order denying relief on the papers without assigning counsel. In her accompanying letter to defendant, the judge explained his aggregate sentence was not illegal and, because the Court did not announce a new rule of law in Torres, its decision was not retroactive.  Pertinent to defendant's renewed contentions on appeal, the judge reasoned the Court's decision in Comer only applied to juvenile offenders.  Because defendant was twenty years old when he committed his crimes, the judge concluded he was not entitled to resentencing. The judge did not expressly address defendant's request for counsel.

On appeal, defendant raises the following points for our consideration:

POINT I

A RESENTENCING SHOULD OCCUR BECAUSE THE <u>COMER</u> DECISION -- WHICH ENTITLES JUVENILE OFFENDERS TO A RESENTENCING AFTER TWENTY YEARS -- SHOULD EXTEND TO TWENTY-YEAR-OLD OFFENDERS LIKE DEFENDANT . . . , WHO SHARE THE SAME CHARACTERISTICS AS JUVENILES, <u>U.S. CONST.</u> AMENDS. VII, XIV; <u>N.J. CONST.</u> ART. I, ¶ 12.

    A. Legal Background: Juveniles Receive Constitutional Protection Against Lengthy Sentences Because of Their Diminished Culpability and Likelihood of Reform, Characteristics Described by the <u>Miller</u>[1] Factors.

    B. Twenty-Year-Olds Should Receive the Same Constitutional Protection Against Lengthy Sentences Because the <u>Miller</u> Factors Apply Equally to Them.

POINT II

THE RESENTENCING MOTION SHOULD BE RECONSIDERED BECAUSE THE LAW DIVISION SHOULD HAVE GRANTED [DEFENDANT]'S MOTION FOR ASSIGNMENT OF COUNSEL, OR, AT THE VERY LEAST, A REMAND SHOULD OCCUR FOR REASONED CONSIDERATION OF [DEFENDANT]'S MOTION FOR ASSIGNMENT OF COUNSEL. <u>U.S CONST.</u> AMEND. XIV; <u>N.J. CONST.</u> ART. I, ¶ 1.

---

[1] <u>Miller v. Alabama</u>, 567 U.S. 460 (2012).

4

A. The Court Rules and State and Federal Due Process Protections Required the Assignment of Counsel on [Defendant]'s Complex, Important, and Colorable Motion for Resentencing.

B. At a Minimum, the Court Rules and State and Federal Due Process Protections Required the Law Division to Issue an Explicit, Reasoned Decision on [Defendant]'s Request for Assignment of Counsel, Rather than Ignoring the Request.

C. The Issue of Extending Comer is Open, and a Prior Appellate Division Panel Was Incorrect to Decide Otherwise.

After defendant filed his merits brief, we issued our decision in State v. Jones, 478 N.J. Super. 532 (App. Div.), certif. denied, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024) (declining to extend the Court's holding in Comer to young adult offenders). In its responding brief, the State argues defendant's contentions lack merit for the same reasons we articulated in Jones. In reply, defendant contends:

THE ISSUE OF EXTENDING COMER IS OPEN, AND THE JONES DECISION WAS INCORRECT TO DECIDE OTHERWISE.

We have considered defendant's contentions in view of the principles chronicled in Jones and conclude they lack sufficient merit to warrant discussion

5                                                                      A-2808-22

in a written opinion.  R. 2:11-3(e)(2).  We add the following remarks to give context to our decision.

In <u>Comer</u>, our Supreme Court recognized "children are constitutionally different from adults for purposes of sentencing," 249 N.J. at 384 (quoting <u>Miller</u>, 567 U.S. at 471), and held "[j]uvenile offenders sentenced under the [homicide] statute may petition for a review of their sentence after having spent [twenty] years in jail," <u>id.</u> at 403 (citing <u>Miller</u>, 567 U.S. at 477-78).  Comer was seventeen when he committed his crimes, <u>id.</u> at 371, and James Zarate, the defendant in the companion case, was fourteen years old when he committed his crimes, <u>id.</u> at 374.

Following a flurry of unpublished decisions affirming the post-conviction motion courts' denial of various applications by youthful offenders, who were between the ages of eighteen and twenty when they committed their crimes and serving mandatory sentences greater than two decades, we affirmed other courts' similar denials in three consolidated matters.  <u>Jones</u>, 478 N.J. Super. at 553.  The three defendants in the consolidated <u>Jones</u> cases were eighteen and twenty years old when they committed homicide.  <u>Id.</u> at 541, 544, 547.  Similar to defendant in the present matter, each defendant in <u>Jones</u> sought resentencing, arguing the <u>Comer</u> sentencing review procedure "should extend to youthful offenders

between the ages of eighteen and twenty when they committed their offenses," id. at 534-35, because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

Following an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-36, we declined to extend the holding in Comer to youthful offenders, id. at 549. We found "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching our conclusion, we relied in part on State v. Ryan, 249 N.J. 581 (2022), an opinion the Court issued one month after deciding Comer. Jones, 478 N.J. Super. at 549-50.

In Ryan, the Court observed: "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" 249 N.J. at 600 n.10 (alterations in original) (quoting Roper v. Simmons, 543 U.S. 551, 574 (2006)); see also Jones, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

A-2808-22

In Jones, we further noted "our [limited] institutional role as an intermediate appellate court." 478 N.J. Super. at 551. Bound by the Supreme Courts of the United States and this state, we declined "to disturb the motion judges' decisions, which emphasized the Supreme Court in Comer limited its decision to juveniles." Ibid.

Nor were we persuaded by the defendants' contentions that the motion courts erroneously denied their requests for assignment of counsel. Id. at 551-52. Because the defendants failed to establish good cause for appointment of counsel pursuant to Rule 3:21-10(c), and "their contentions were not particularly complex," we discerned no abuse of discretion in the court's rulings. Id. at 552. We further found in Jones's matter, "[b]y denying [his] application without a hearing, the judge implicitly found assignment of counsel was not warranted." Ibid.

We reach the same conclusions in this case. Perceiving no basis to deviate from our opinion in Jones, we affirm the April 5, 2023 order denying defendant's motion for resentencing without assignment of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8